# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-552V**
UNPUBLISHED

| | |
|---|---|
| PATRICIA CRESSMAN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 25, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

### FACT RULING ON PROOF OF VACCINATION[1]

On April 1, 2024, Patricia Cressman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 15, 2020. Petition at 1. On February 2, 2024, the parties filed a joint status report seeking to brief the threshold issue of whether Petitioner received the vaccine in question. ECF No. 25.

For the reasons discussed below, I find that Petitioner has submitted sufficient proof of vaccination to satisfy that element of a Vaccine Act claim.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.    Procedural History

Petitioner filed this matter on April 20, 2023, alleging a left-shoulder SIRVA. Petition at 11. Between April 20, 2023 and September 14, 2023, Petitioner filed ten exhibits and a declaration. Exs. 1-8. Petitioner also filed a Subpoena on September 19, 2023, seeking medical records from Dr. James Martin. ECF No. 15.

Respondent provided an informal assessment of the claim on November 27, 2023, and requested additional records, including records associated with Petitioner's alleged vaccination and any records from three years prior to her vaccination to present. ECF No. 19.

Petitioner subsequently filed Exhibit 11 – a compilation of additional records from Dr. Martin's office. They consist of a one-page letter faxed from Dr. Martin to Petitioner's current primary care physician, dated July 5, 2022, and stating that "On 15 October 2020 Ms. Cressman received an influenza vaccine in our office." Ex. 11 at 3. Exhibit 11 also included a letter faxed to Petitioner's counsel stating: "The following single page has been provided to satisfy requested for medical information. There has have been no other encounters after 10/01/2017." *Id.* at 2.

The parties were directed to brief the threshold matter of whether Petitioner received the vaccine in question. On April 1, 2024, Petitioner filed a motion for a ruling on the record in favor of the claim. Petitioner's Motion for a Fact Ruling ("Mot."), ECF No. 27. Respondent filed a response on May 15, 2024. Response to Petitioner's Motion for a Factual Ruling on the Record ("Resp."), ECF No. 29. The matter is ripe for resolution.

## II.    Factual Background

Petitioner alleges she received a flu vaccine on October 15, 2020. Ex. 1, 11. No vaccine administration proof has been provided other than a handwritten note from Petitioner's primary care provider dated August 31, 2022, that states "10/15/2020 Influenza Inj (LT) deltoid".[3]

On November 15, 2020, Petitioner reported left shoulder pain to an orthopedist. Ex. 3 at 124. The record states that "on 10/15 she got a flu shot". Ex. 3 at 124. Further, "that evening had significant pain. It has only gotten a little better since then." *Id.* Her

---

[3] Exhibit 1 also states in a note dated December 12, 2022, that Dr. Martin's office no longer has Petitioner's records, but "[a]t the patient's request, they were sent to her home."

symptoms were noted as being consistent with impingement and bursitis. *Id.* at 125. Petitioner underwent an x-ray an deceived a steroid injection.

Petitioner again complained of shoulder pain on December 8, 2020. Ex. 3 at 119. The record lists 10/15/20 as the date of onset, and states "increased pain after receiving flu shot." Ex. 3 at 119. At that time, she reported no pain and she was doing much better. *Id.* Her symptoms were noted as being consistent with impingement or a SIRVA and told to follow-up as needed. *Id.* at 119.

On May 26, 2021, Petitioner established care at St. Luke's Internal Medicine with Dr. Mathai Chalunkal. Ex. 4 at 9. The record was later updated on February 9, 2022, and states "[d]uring her initial visit with me She had discussed her symptoms of SIRVA with me however I forgot to add this to her -history of the left shoulder pain since getting a flu shot in November of 2020…." *Id.*

Petitioner was seen by an orthopedic surgeon on January 21, 2022. Ex. 5 at 25. She reported "ongoing shoulder pain since a flu shot on November of 2020." The steroid injection provided by a prior treater "did relieve her symptoms for approximately 5 [to] 6 months" but then returned with certain movements. *Id.* A second steroid injection was administered at that time. Ex. 5 at 26, 29.

Petitioner returned to the orthopedic surgeon due to continued symptoms on May 24 and October 19, 2022. Ex. 5 at 4, 7, 13-14. She received steroid injections at both visits. *Id.* at 17.

### III.    Analysis

#### 1.  Legal Standard for Proof of Vaccination

Under the Vaccine Act, providing proof of vaccination is a threshold matter in order to prevail under either a "Table" injury in which causation is presumed, or an "off-Table" injury, in which petitioner identifies a causal link between the vaccine and the alleged injury. § 300aa–11(c)(1)(A) and (B). Petitioner must first prove by a preponderance of the evidence that he "received a vaccine set forth in the Vaccine Injury Table." § 300aa-11(c)(1)(A). A special master shall assess "the record as a whole" and may not "find that a petitioner received a vaccine 'based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion.' " *Rich v. Sec'y of Health & Human Servs.*, No. 12–742V, 2013 WL 4476751 (Fed. Cl. Spec. Mstr. July 26, 2013) (§ 300aa–13(a)(1)).

Although contemporaneous documentation of vaccination from a healthcare provider is the best evidence to prove administration of a vaccine, it is not absolutely required in all cases. *Centmehaiey v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 612, 621 (1995) ("[t]he lack of contemporaneous documentary proof of a vaccination ... does not necessarily bar recovery"). The existing case law supports that corroborative, though backward-looking, medical notations have been found to tip the evidentiary scale in favor of vaccine receipt. *Lamberti v. Sec'y of Health & Hum. Servs.*, No. 99–507V, 2007 WL 1772058, at *7 (Fed. Cl. Spec. Mstr. May 31, 2007). Further, a single notation of a statement made in the process of seeking medical care can satisfy the proof of vaccination requirement. *Groht v. Sec'y of Health & Hum. Servs.*, No. 00–287V, 2006 WL 3342222, at *2.

Special masters have thus found that vaccine administration likely occurred even in the absence of direct documentation. In such cases, preponderant evidence was provided in the form of other medical records and/or witness testimony. For example, corroborative, though backward-looking, medical notations have been found to tip the evidentiary scale in favor of vaccine receipt. *Lamberti*., No. 99–507V, 2007 WL 1772058 at *7 (finding multiple medical record references to vaccine receipt constituted adequate evidence of administration); *Groht*, No. 00–287V, 2006 WL 3342222 at *2 (finding a treating physician's note—"4/30/97—Hep B. inj. # 1 (not given here) (pt. wanted this to be charted)"—to be sufficient proof of vaccination); *Figueroa v. Sec'y of Health & Hum. Servs.*, No. 10-705V, 2014 WL 6819494, at *4 (Fed. Cl. Spec. Mstr. Nov. 7, 2014) (finding sufficient proof of vaccination where subsequent medical records documented that petitioner consistently reported receiving the subject flu vaccination); *Beckner v. Sec'y of Health & Hum. Servs.*, No. 11-668V, 2013 WL 3353993, at *8 (Fed. Cl. Spec. Mstr. Apr. 25, 2013) (finding sufficient proof of vaccination where a medical record created approximately a month after petitioner's alleged receipt of the subject vaccine documented petitioner's report of his vaccination and the statement was made "for the purpose of facilitating diagnosis and treatment of his condition...[and] the vaccination was received in such close temporal proximity to petitioner's admission that misremembering is unlikely").

## 2.  Factual Findings on Proof of Vaccination

Upon review of the record as it stands, I find that Petitioner has offered preponderant evidence that she likely received an influenza vaccine on October 15, 2020. Petitioner went through great lengths in order to acquire her vaccination record, contacting her physician numerous times and serving a subpoena on September 19, 2023. ECF No. 15. Dr. Martin, however, has stated that he "no longer has any medical records for patient Patricia Cressman."

4

Petitioner's most contemporaneous records provide numerous references to her receipt of the flu vaccine on October 15, 2020. Records from when Petitioner first reported left shoulder pain on November 15, 2020 (a month after the alleged vaccination), state that "on 10/15 she got a flu shot." Ex. 3 at 124. At a follow-up for shoulder pain on December 8, 2020, onset of her condition was stated as October 15, 2020, and that she experienced pain "after receiving flu shot." Ex. 3 at 119; *see also* Ex. 5 at 25 (record from January 21, 2022 stating "ongoing shoulder pain since a flu shot").

Respondent argues that references to Petitioner's October 15, 2020 vaccination in the handwritten note from Dr. Martin's prescription pad and Dr. Chalunkal's records should be given little weight because they were recorded years after. Resp. at 7-8. But reliance on that evidence is not necessary given the more contemporaneous records cited above.

The reasonable inference from the totality of evidence submitted on this issue is that Petitioner's vaccination likely occurred on October 15, 2020, and that this also constituted the start of her shoulder pain.

## Conclusion

Based upon my review of the record as a whole, I find that petitioner has established by preponderant evidence that she received a flu vaccination on October 15, 2020. Petitioner has therefore satisfied her burden in demonstrating the receipt of a vaccine on the Vaccine Injury Table. See 42 U.S.C. § 300-aa11(C)(1)(A) and (B).

**Accordingly, the parties shall file a joint status report updating me on the parties' settlement discussions by no later than <u>Friday, September 19, 2025</u>. If it appears at any point that settlement is unlikely, the parties should propose a method for moving this case forward, i.e., with proposed briefing schedules to resolve both entitlement and damages.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master